JAMES FOORD *versus* DUDLEY L. HAINS.

In an action of trespass against an officer, for taking a chattel on an execution, the creditor's attorney, who was directed by the creditor, if he thought it advisable, to cause the chattel to be taken, to satisfy the execution, and thereupon put it into the hands of the defendant, an officer, and directed him to take the chattel upon it, and informed him, that the creditor would indemnify him for so doing, is not thereby rendered an incompetent witness for the defendant on the ground of interest.

Nor has the attorney such interest, by reason of his lien for his bill of costs, as will render him incompetent, as a witness for the defendant — especially where it does not appear whether the bill of costs has or has not been paid.

EXCEPTIONS from the middle district court, REDINGTON J. presiding.

Trespass for taking and carrying away a grey mare, the property of the plaintiff.

The plaintiff introduced one Robert Foord, to prove the taking and carrying away, and also that said grey mare was the property of the plaintiff, at the time of the taking, &c. by said Hains. The defence set up by the defendant's counsel was, that said Hains, as a deputy sheriff, had in his hands and possession, an execution in favor of one Elias Gove, against said Robert Foord, and took said mare on said execution as the property of said Robert Foord, whose property the defendant alleges she was.

" The defendant offered Asa Gile, one of said Gove's attorneys, as a witness, who was sworn in chief and commenced testifying, when he was interrupted by plaintiff's counsel, and questioned as to his interest in the final event of the suit. He stated that he was not aware, that he had any — he further stated, that a short time prior to the taking of said mare, said Gove called on him to secure or collect his said execution, against said Robert Foord, and mentioned said grey mare, and some hay, as the property of said Robert Foord, on which the execution might be levied, and wished him to ascertain the fact, and give the execution to an officer : — and in pursuance of said directions, he gave said execution to said Hains, the de-

fendant in this case, and directed him to take said grey mare —
at the same time informing him, that said Gove had said he
would save him harmless. Defendant's counsel then asked Gile,
did you direct Hains to take the mare? Gile replied, " I did."

" Upon this statement, the Judge rejected the witness.

" The verdict was for the plaintiff, and the defendant filed
exceptions.

The case was argued in writing.

*E. Fuller,* for the defendant.

The witness ought clearly to have been admitted; he was
merely the agent of Gove, and as such delivered the execution
to the officer. The property to be levied on was designated
and pointed out by Gove, and after making inquiry as request-
ed, to satisfy himself as to the ownership of the property ; in
pursuance of his instructions, he, in behalf of his principal,
directed the defendant to take the grey mare in question, and
at the same time informed him that Gove would save him
harmless, clearly implying that he did not intend to make him-
self liable. His answer to the question put by the plaintiff 's
counsel, is but a repetition of what the witness had before
stated ; and taken in connection with it as was clearly intend-
ed, implies nothing more or less than that the witness repeated
to Hains, the defendant, the directions given by his principal,
and at the same time informed him, that the principal would
save him harmless. It cannot be supposed, by a fair construc-
tion of the language used by the witness, that he intended
to make himself personally liable, or that he was so understood
at the time by the officer, who it seems had confidence in the
integrity and ability of Gove to save him harmless ; and being
satisfied of his wishes and directions he levied the execution
accordingly. To admit any other construction would be a
perversion of language not to be sanctioned in legal proceed-
ings. The witness was attorney for Gove, in his suit against
Robert Foord, and obtained the execution against him on
which the property in question was taken. He made no pro-
mise to the officer to indemnify him, and common sense, as well
as common law, negatives the idea of an implied promise. —

If therefore the witness acted merely as the agent or attorney of his principal, he is in no way personally liable to the officer; not interested, and ought to have been admitted. In support of which the following cases are referred to. — *Kimball* v. *Davis*,[*]19 Maine R. 310; *Phillips* v. *Bridge*, 11 Mass. R. 242; *Union Bank* v. *Knapp*, 3 Pick. 96; *Tappan* v. *Bailey*, 4 Metc. 529; *Van Ness* v. *Zerlume*, 3 Johnson's Cases, 82; *Stockham* v. *Jones*, 10 Johns. R. 21.

We are unable to discover any applicability of the authorities cited by the plaintiff's counsel to the case under consideration; and as to the defendant's not knowing, that Gile was the agent or attorney of Gove, would scarcely seem to merit a reply. Gile's name was on the back of the execution; and it was well known, that Gile acted only as the attorney.

*H. W. Paine* and *Bean*, for the plaintiff.

The law of the case is to be determined upon the facts appearing in the bill of exceptions. These facts are all found in the testimony of Gile, the witness excluded, upon his examination on the *voir dire*. He says " he gave the execution to the defendant and directed him to take said grey mare." But he does *not* say that he told the defendant, he was acting or speaking for Gove, the execution creditor. Nor does it appear that the defendant knew or had any reason to believe or suppose that Gile was the agent or attorney of Gove. The defendant might have proved, if such had been the fact, that he was informed of the capacity in which Gile acted, or he might have released him and thus have made him competent. As Gile did not disclose his agency, and as the defendant, for aught that appears, was otherwise uninformed that he acted in a representative capacity, it results from established principles, that Gile was responsible to the defendant: — was holden to see him harmless.

The execution, it is true, would have shown that Gove was the judgment creditor, but how was the defendant to know that Gile had no interest in the execution, or indeed that he was not the sole owner. As the case finds that he was one of

the attorneys, he had an interest and a lien to the extent of the costs. *Hastings* v. *Lovering*, 2 Pick. 214; *Stackpole* v. *Arnold*, 11 Mass. R. 27; *Arfridson* v. *Ladd*, 12 Mass. R. 173; *Gower* v. *Emery*, 18 Maine R. 79.

The defendant was the agent of Gile, and acted under his orders. But if it were true, that Gile acted as the agent of Gove, and that the defendant so understood it, still he was properly excluded as a witness. Gove directed Gile to ascertain " the fact" of ownership, and to give the execution to an officer. In other words, he was first to ascertain, that the property belonged to the execution debtor, and then to give out the execution. He was not to give out the execution till he had found that the debtor owned it. In that event only, had he authority to act. The jury have found that another man was at the time the owner. Gile therefore exceeded his authority, and is, therefore, responsible to the defendant.

Suppose judgment should go against Hains, and he should bring his action against Gile for indemnity, how could Gile, upon the testimony reported, successfully defend himself? He ordered the officer to seize this grey mare: — the officer obeyed the order: — in so doing he invaded the property of a third person: — and has been compelled to pay for it. Gile had it in his power to avoid responsibility, by saying, I am but the agent of Gove, he will save you harmless, but I cannot be holden: — he did not choose to exonerate himself. It does not therefore lie in his mouth to say, I made no such bargain.

The opinion of the Court was drawn up by

Whitman C. J. — The only question presented to the Court upon the bill of exceptions, is, whether Gile, offered as a witness by the defendant, was competent or not. The action is trespass *vi et armis de bonis asportatis*. The article in question was a horse. It had been seized on execution by the defendant, he being a deputy sheriff, as the property of one Robert Foord, one Gove being the creditor in the execution, and the witness being his attorney. The witness being sworn in chief, the plaintiff questioned him as to his interest in the

event of the suit; and he disclosed, that he was directed by the creditor, if he thought it advisable, to cause the horse to be seized on the execution; that he, thereupon, put the execution into the hands of the defendant, and directed him to seize the horse; and informed him that Gove would indemnify him for so doing. The Court below ruled that this shew him to be interested in the event of the suit, upon the ground, as we are given to understand from the argument of the plaintiff's counsel, that the witness would be responsible to the defendant, in case he should not prevail in this suit. But we think that no such responsibility rested upon him. By looking at the execution, the defendant must have seen, that the witness was not the creditor named in it; and, when told that Gove, the creditor, would indemnify him, he must have understood, if it were not otherwise known to him, that the witness was performing a mere agency. In such case there could be no liability on the part of the witness to indemnify the defendant.

But it is urged, that the witness was interested in the execution, he having a lien thereon for his costs, and therefore should be holden to indemnify the defendant. This was but a contingent interest, if it can be considered as amounting to any thing of the kind. It was such an interest as the defendant had no concern with. The witness' remedy for his costs was against the creditor, who was liable for them, whether the execution was collected or not. And besides; it does not appear that the witness' costs had not been paid by the creditor; and if not, whatever of interest he could, in any event have had, must have resulted from an inability to obtain payment from the creditor. When an interest, if any, is so remote and contingent, and especially, when it does not appear that an interest ever could be created in the witness, it could not be proper to exclude him.          *Exceptions sustained.*